IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SONYA GLADNEY PLEASANTS, Individually and for Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 23-00132-KD-MU ) |
| PILOT CATASTROPHE SERVICES, INC., | ) ) ) ) |
| Defendant. | ) |

**ORDER**

Plaintiff Sonya Gladney Pleasants brought an individual and collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. (doc. 1). Relying upon the terms of two arbitration agreements executed by Pleasants, Pilot Catastrophe Services, Inc. moved the Court to compel arbitration of Pleasants' individual claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (doc. 25). Pilot also moved to stay this action pending completion of arbitration as provided in 9 U.S.C. § 3, and to dismiss all class action claims and consolidated and/or collective actions claims (doc. 25).

In response, Pleasants stated that after review of the motion and supporting evidence, she did not oppose arbitration (doc. 29). However, Pleasants incorrectly stated that Pilot "moved this court to arbitrate Plaintiff's individual *and class action claims* ..." (Id., p. 1) (emphasis added). Instead, Pilot moved to dismiss the class action claims. The Court ordered Pleasants to clarify whether she opposed dismissal of her class action claims and consolidated and/or collective actions claims (doc. 30).

In response, the parties filed a Joint Status Report, wherein they report that Pleasants does

not oppose dismissal of the class or collective action claims (doc. 31). The parties also report that they have reached a settlement agreement in principle as to Pleasants' claims under the FLSA and request sixty (60) days within which to finalize their agreement.

In the Eleventh Circuit "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees" Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Specifically, under the supervision of the Secretary of Labor or by "the district court ... enter[ing] a stipulated judgment after scrutinizing the settlement for fairness." Id.; accord Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"). Accordingly, this action is **STAYED** and the parties shall submit on or before **November 21, 2023,** their final settlement agreement for the Court's review.

DONE and ORDERED this the 21st day of September 2023.

        s/ Kristi K. DuBose  
        KRISTI K. DuBOSE  
        UNITED STATES DISTRICT JUDGE