**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF ALABAMA**

**MOBILE DIVISION**

| | |
|---|---|
| SONYA GLADNEY PLEASANTS, Individually and For Others Similarly Situated, | Case No. 1:23-cv-00132-KD-MU |
| Plaintiff, | |
| v. | |
| PILOT CATASTROPHE SERVICES, INC., | |
| Defendant. | |

<u>**DEFENDANT PILOT CATASTROPHE SERVICES, INC.'S**</u>
<u>**AMENDED MOTION TO SEAL**</u>

# I.    INTRODUCTION

On November 21, 2023, Pilot filed an unopposed motion to seal the settlement agreement.  Dkt. 33.  On February 7, 2024, this Court denied Pilot's motion with leave to refile.  Dkt 36.  Pilot now renews its motion and respectfully requests that the Court keep the settlement agreement and motion for approval confidential.  As explained herein, while the settlement agreement and related motion should both be sealed for reasons previously provided in Pilot's initial motion to seal, doing so will also protect Plaintiff from unwanted embarrassment due to the disclosure of personal financial and legal matters unrelated to her employment with Pilot as well as Pilot's interest in protecting information that would put it at an instant disadvantage by encouraging other potential plaintiffs to file nuisance suits.  In stark contrast, the public has minimal interest in the information Pilot moves to seal, considering the fact that there was a high likelihood that Plaintiff would receive $0 at the end of any litigation, whether in arbitration or even in Court.

# II.    FACTUAL BACKGROUND

## A.    The Parties Agreed to Keep the Arbitration, and Any Resulting Settlement Confidential

Plaintiff began working for Pilot in 2018 as an Insurance Claim Adjuster.  On July 16, 2018, Plaintiff executed an arbitration agreement with Pilot (the "Pilot Arbitration Agreement").  Dkt. 25-2 ¶ 7.  On September 24, 2019, Plaintiff signed a subsequent arbitration agreement with Pilot's subsidiary, Pilot Services on Demand (the "PSOD Arbitration Agreement").  *Id.* ¶ 10.  Both arbitration agreements require the Parties to submit all claims to binding bilateral arbitration and further provide:

> All communications, pleadings, proceedings, rulings, awards, decisions or orders related to the arbitration shall be confidential except as required for judicial review; provided however, that any

materials that are submitted for judicial review must be presented
or filed under seal.

*Id.*, Ex. A ¶ 14; B ¶ 11.I.  Both agreements are also governed by the Federal Arbitration Act

("FAA").  Dkt. 25, at pp. 10–11.

The arbitration agreements entered into by both parties provide: "[a]ll communications,

pleadings, proceedings, rulings, awards, decisions or orders related to the arbitration shall be

confidential except as required for judicial review; provided, however, that any materials that are

submitted for judicial review must be presented or filed under seal."  Dkt. 25-2, Ex. A ¶ 14; B ¶

11.I.

**B.    The Parties Enter into a Settlement After Plaintiff Submits Her Claims to Arbitration**

On April 17, 2023, Plaintiff filed this collective action against Pilot for its alleged

violations of the Fair Labor Standards Act.  Dkt 1.  Because had Plaintiff previously agreed to

arbitrate her claims, on July 7, 2023, Pilot filed a Motion to Compel Arbitration, seeking to

enforce the terms of the arbitration agreements.  Dkt 25.  On August 19, 2023, Plaintiff filed a

Non-Opposition to Pilot's Motion to Compel Arbitration, whereby Plaintiff agreed to abide by

the terms of the arbitration agreements she entered into and submit her claim to arbitration.

Dkt. 29.  Only after Plaintiff agreed to submit her claims to arbitration did the Parties reach a

settlement, on August 29, 2023.  Dkt. 33-1 ¶ 2.

### III.    LEGAL STANDARD

Courts must consider the "common-law right" of the public to "inspect and copy judicial

records and public documents" in determining whether to seal court filings.  *In re Alexander Grant

& Co. Litig.*, 820 F.2d 353, 355 (11th Cir. 1987).  The party seeking to seal must overcome the

"common-law right of access" by showing good cause for sealing.  *Romero v. Drummond Co.*,

480 F.3d 1234, 1246 (11th Cir. 2007). To determine good cause, courts "balanc[e] the asserted right of access against the other party's interest in keeping the information confidential" given the nature and character of the information in question. *Id.* In balancing these interests, courts consider whether allowing public access would "impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information . . . whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

## IV.    ARGUMENT

The Court may order the sealing of a court record if the moving party shows good cause. *Romero*, 480 F.3d 1234 at 1246. Here, not only did the parties agree to keep the settlement confidential, Dkt. 33 at p. 4–5,[1] but there is no countervailing reason for the settlement agreement to become part of the public record. Making the settlement's terms and amount public will not serve the public interest by ensuring that employees' wages are fair, since it was highly likely that Plaintiff would receive nothing at the end of litigation, and the parties entered into settlement agreement only to avoid protracted litigation.

*First*, the fact that the Court had not yet ruled upon Pilot's motion to compel arbitration does not disturb the fact that the settlement was reached as a result of and in connection with an agreement to confidentially arbitrate. After Pilot filed its Motion to Compel Arbitration, the parties agreed to submit Plaintiff's claims to confidential arbitration in Mobile, Alabama, and Plaintiff informed the court of this agreement in its Notice of Non-opposition to Defendant's Motion to Compel Arbitration. Dkt. 29. Importantly, the parties engaged in settlement discussions *only after* Plaintiff agreed to submit her claims to arbitration. Dkt. 33, at p. 3.

---

[1] Pilot fully incorporates the arguments asserted in support of its motion to seal for preservation purposes.

Accordingly, the settlement agreement was reached as a result of confidential arbitration. That the Court did not formally order Plaintiff to arbitrate her claims does not require a different result.

*Second*, while the Court correctly notes that typically, FLSA settlements are presumed to be public because it furthers "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being,'" Dkt. 36, at pp. 14–15 (quoting *Jun Soo Lee v. Guyyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1264–65 (S.D. Ala. 2017) (internal citation omitted)), that is not the case here. Indeed, there is no such public interest given the high likelihood that Plaintiff would receive $0 had the case been fully litigated for reasons explained more fully in the parties' concurrently filed Amended Joint Motion for Final Approval. As just one example, Plaintiff filed for bankruptcy in 2021 and, for reasons described in the Amended Motion for Approval, is likely judicially estopped from bringing this suit in the first place because of her conduct in those proceedings. See Mot. for Final Approval, at pp. 3–4. Having Plaintiff describe the disclosures she made during her bankruptcy proceeding along with the progress of that proceeding, all to determine whether she was judicially estopped, should aid the court in determining whether the settlement is fair and reasonable; however, requiring her to make the information public would cause embarrassment to Plaintiff without any added benefit to the Court, the parties, or the public at large.

Additionally, while other litigants may be simply curious about the settlement amount or terms, that alone is not a legitimate interest to override the parties' collective interest in confidentiality, especially in light of the fact that the amount is the result of the extremely high risk to Plaintiff of receiving nothing if the litigation were to proceed. The public is not served nor is the purpose of the FLSA advanced by showing a road map to future litigants that they can

submit claims with little to no merit against Pilot and walk away with a settlement without doing any work on their part.

      For these reasons, this Court should grant Pilot's amended motion to permanently seal the settlement agreement, the amended joint motion for settlement approval, and the supporting materials.  Pilot also requests that the Court keep under seal the settlement agreement, joint motion for settlement approval, and the supporting materials filed on November 21, 2023.

Dated:  March 7, 2024               Respectfully submitted,


                    By: s/ *Jesse A. Cripps*
                         Jesse A. Cripps, admitted *pro hac vice*
                         Gibson, Dunn & Crutcher LLP
                         333 South Grand Avenue
                         Los Angeles, CA  90071
                         Telephone:  213.229.7000
                         Facsimile:  213.229.7520
                         Email:      JCripps@gibsondunn.com


                         Matthew T. Sessions, admitted *pro hac vice*
                         Gibson, Dunn & Crutcher LLP
                         3161 Michelson Drive
                         Irvine, CA 92612
                         Telephone:  949.451.3800
                         Facsimile:  949.451.4220
                         Email:      MSessions@gibsondunn.com

                         Attorneys for Defendant
                         Pilot Catastrophe Services, Inc.